# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Cathy L. Waldor |
| | : | |
| v. | : | Mag. No. 25-9178 |
| | : | |
| DARLIN LEON | : | **CRIMINAL COMPLAINT** |
| | : | |

    I, Robert Tansey, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## SEE ATTACHMENT A

    I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

## SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

    /s/ Robert Tansey
    Robert Tansey, Special Agent
    Department of Homeland Security
    Homeland Security Investigations

Special Agent Robert Tansey attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 28th day of March, 2025.

    /s/ Hon. Cathy L. Waldor
    Hon. Cathy L. Waldor
    United States Magistrate Judge

## ATTACHMENT A

### Count One
### (Assaulting, Resisting, and Impeding Certain Officers or Employees)

On or about March 26, 2025, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**DARLIN LEON**,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, Victim-1 as described in this Complaint, while Victim-1 was engaged in and on account of the performance of Victim-1's official duties, involving physical contact with Victim-1, and in doing so, did inflict bodily injury on Victim-1.

In violation of Title 18, United States Code, Section 111(a)(1) and (b).

## ATTACHMENT B

I, Robert Tansey, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations. The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including video surveillance, business records, and other documents. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

    1. At times relevant to this Complaint:

        a. The defendant, Darlin Leon ("LEON"), was a national of the Dominican Republic and had no legal immigration status in the United States.

        b. "Victim-1" was a Deportation Officer employed by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). As such, Victim-1 was an officer or employee of the United States within the meaning of 18 U.S.C. § 1114.

    2. On or about March 26, 2025, LEON was in the lawful custody of ICE at an ICE facility located in Newark, New Jersey pending removal from the United States.

    3. On or about the evening of March 26, 2025, ICE deportation officers, including Victim-1, were processing LEON at that facility for removal from the United States.

    4. During that processing, at approximately 11:22 p.m., LEON, began verbally arguing with Victim-1 and then struck Victim-1 in the head with a closed fist at least four times. A struggle then ensued that lasted for approximately two minutes before LEON was subdued by Victim-1 and other ICE officers and employees.

    5. As a result of LEON's assault, Victim-1 sustained bodily injury, including lacerations and abrasions to the back of his head.